**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR HUMBERTO HIGUEROS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71380 <br><br> Agency No. A087-913-490 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Oscar Humberto Higueros, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013), and we grant the petition for review and remand.

In assessing Higueros's fear of torture, the BIA acknowledged the evidence showed the existence of "rogue officials" in Guatemala, and found the existence of rogue officials *"cannot be used"* to demonstrate that government officials would acquiesce to any torture of Higueros. The BIA's finding is not supported, *see Tapia Madrigal*, 716 F.3d at 509-10 ("[A]n application for CAT relief need not show that the entire foreign government would consent to or acquiesce in his torture. He need show only that 'a public official' would so acquiesce."), and its analysis is otherwise not clear, *see Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("When the agency's reasoning is indiscernible, the courts cannot exercise their duty of review, and instead must remand to the agency.") (internal citations and quotation omitted). Accordingly, we grant the petition and remand Higueros's CAT claim for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002).

In light of our disposition, we do address Higueros's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**